FILED

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA** MAR 22 PM 1 13

PATRICIA E. D. F. ...

**BUTTE DIVISION**
BY _____
DEPUTY CLERK

| | |
|---|---|
| **DICK ANDERSON** | ) |
| **CONSTRUCTION,** | ) **Cause No. CV-10-35-BU-RFC-CSO** |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **ORDER ADOPTING FINDINGS** |
| | ) **AND RECOMMENDATIONS OF** |
| **NATIONAL FIRE INSURANCE** | ) **U.S. MAGISTRATE JUDGE** |
| **COMPANY OF HARTFORD,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

United States Magistrate Judge Carolyn Ostby has entered Findings and

Recommendation (*Doc. 32*) with respect to the parties' cross-motions for summary

judgment. Because Judge Ostby concludes that the sewage lift station at issue in

this lawsuit is not a "waste facility" as defined in the CGL policy issued by

Defendant, the "waste facility" exclusion to the "Limited Pollution

Coverage–Work Sites" endorsement does not apply. Judge Ostby therefore

recommends Plaintiff's motion (*Doc. 26*) be granted and Defendant's motion

(*Doc. 21*) be denied.

Since Defendant filed timely objections to the Findings and

1

Recommendation, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). For the following reasons, Defendant's objections are overruled.

Defendant objects to Judge Ostby's conclusion that the sewage lift station at issue qualifies as "waste facility" triggering the exclusion from the Limited Pollution Coverage–Work Sites endorsement. In support of this argument, Defendant essentially restates arguments already rejected by Judge Ostby. Under Montana law, exclusions from coverage must be "strictly construed" against the insurer. *Leibrand v National Farmers Union Prop. & Cas. Co.*, 898 P.2d 1220, 1221 (Mont. 1995). The EPA definition of wastewater lift stations, which both parties cited in their respective arguments, make clear the lift stations are "designed to move wastewater from lower to higher elevation through pipes." Accordingly, Judge Ostby properly concluded the purpose of a lift station is to transport wastewater. Further, the policy defines "waste facility" as a site to which "waste is delivered for storage, disposal, processing or treatment." Strictly construing the exclusion against Defendants, Judge Ostby correctly concluded that transportation is distinct from "storage, disposal, processing or treatment."

Although not technically an objection to the Findings and Recommendations, Defendant argues that the only issue that has been decided is

2

the duty to defend and that whether or not it has a duty to indemnify remains for

decision. The parties, however, filed cross-motions for summary judgment–not

partial summary judgment–seeking judgment as a matter of law as to whether

Defendant has a duty to defend and indemnify. *Doc. 21, p. 2; Doc. 26, p. 2.*

Presented with that question, Judge Ostby expressly determined that the Limited

Pollution Coverage–Work Site endorsement provides coverage for the claims

asserted and Defendant "has a duty to defend and indemnify." *Doc. 32, p. 15.*

Similarly, Defendant notes that Plaintiff did not argue, and the magistrate

judge did not find, that any pollution incident commenced during the policy period

as required by the policy. But Defendant did not raise this issue either, despite

being presented with a cross-motion for summary judgment expressly seeking

judgment as a matter of law that it had a duty to defend and indemnify. In

response to the cross-motion, Defendant argued the applicability of the pollution

exclusion and that the Limited Pollution Coverage endorsement did not apply

because the lift station was "waste facility," but no mention was ever made of

there being no coverage because there was no pollution incident during the policy

period. If Defendant had other arguments in opposition to Plaintiff's motion, it

should have made them.

After a de novo review, the Court determines the Findings and

Recommendation of Magistrate Judge Ostby are well grounded in law and fact and adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's motion for summary judgment (*Doc. 21*) is **DENIED** and Plaintiff's motion for summary judgment (*Doc. 26*) is **GRANTED**: Defendant has a duty to defend and indemnify Plaintiff because the "Limited Pollution Coverage–Work Sites" endorsement provides coverage for the claims asserted.

The Clerk of Court shall notify the parties of the entry of this Order and enter Judgment accordingly.

DATED this _22_ day of March, 2011.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

4